


**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 26, 2022**

**United States Bankruptcy Judge**

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VICTORIA FLORITA DURAND-DAY | § | CASE NO. 22-40089-MXM-13 |
| | § | |
| LAVONDA LATRECE EVANS | § | CASE NO. 22-40625-MXM-13 |
| | § | |
| DEBTORS. | § | CHAPTER 13 |
| | § | |

## MEMORANDUM OPINION
*[Relates to ECF No. 20 – Case No. 22-40089]*
*[Relates to ECF No. 29 – Case No. 22-40625]*

Before the Court are the Amended Plans[1] filed by Victoria Florita Durand-Day ("***Ms. Durand-Day***") and Lavonda Latrece Evans ("***Ms. Evans***") (each the "***Debtor***") in their respective bankruptcy cases and the Objections[2] to confirmation filed by Pam Bassel, Standing Chapter 13 Trustee (the "***Trustee***"). The Trustee's Objections contend the Amended Plans should not be

___

[1] Case No. 22-40089 [ECF No. 20]; Case No. 22-40625 [ECF No. 29] (together, the "***Amended Plans***").
[2] Case No. 22-40089 [ECF No. 22]; Case No. 22-40625 [ECF No. 31] (together, the "***Objections***").

1

confirmed because they (i) unfairly discriminate against the unsecured student loan creditors, (ii) do not pay 100% to all unsecured creditors, and (iii) fail to satisfy the disposable income test.

After considering the Amended Plans, Objections, Trustee's Briefs,[3] Debtors' Briefs,[4] and arguments of counsel, the Court finds and concludes that the Trustee's Objections are overruled, and the Debtors' Amended Plans are confirmed.

## I.  FACTS

Both Debtors are above-median debtors subject to a sixty-month commitment period (the "***Commitment Period***").[5] The Amended Plans provide, in pertinent part:

*Ms. Durand-Day*:

- The Debtor's monthly disposable income under 11 U.S.C. § 1325(b) is $2,329.94 resulting in an unsecured creditors' pool of $139,796.40 (the "***UCP***").[6]

- Section I(I): Special Class—pay direct to the United States Department of Education (the "***Durand-Day Student Loan Creditor***") its scheduled claim;[7] and

- Section I(J): Unsecured Creditors—pay through the Trustee 100% of the allowed claims of the unsecured creditors (the "***Durand-Day General Unsecured Creditors***").[8] The scheduled general unsecured debt totals $71,580.65.[9]

*Ms. Evans*:

- The Debtor's monthly disposable income under 11 U.S.C. § 1325(b) is $1,726.07, resulting in an unsecured creditors' pool of $103,564.20 (the "***UCP***").[10]

- Section I(I): Special Class—pay direct to Fed Loan Serv (the "***Evans Student Loan Creditor***") its scheduled claim;[11] and

---

[3] Case No. 22-40089 [ECF No. 34]; Case No. 22-40625 [ECF No. 38] (together, the "***Trustee's Briefs***").
[4] Case No. 22-40089 [ECF No. 35]; Case No. 22-40625 [ECF No. 41] (together, the "***Debtors' Briefs***").
[5] *See* 11 U.S.C. § 1325(b)(4) (defines the "applicable commitment period").
[6] Case No. 22-40089 [ECF No. 34 at p. 1].
[7] Case No. 22-40089 [ECF No. 20 at Section I(I)]. The scheduled amount of the Durand-Day Student Loan Creditor's claim is $41,980.00.
[8] Case No. 22-40089 [ECF No. 20 at Section I(J)].
[9] Case No. 22-40089 [ECF No. 20 at Section (I)(J)]; *see also* Case No. 22-40089 [ECF No. 34 at p. 1].
[10] Case No. 22-40625 [ECF No. 29 at Section I(A)]; *see also* Case No. 22-40625 [ECF No. 41 at p. 1].
[11] Case No. 22-40625 [ECF No. 29 at Section I(I)]. The scheduled amount of the Evans Student Loan Creditor's claim is $73,927.00.

- Section I(J): Unsecured Creditors—pay through the Trustee 100% of the allowed claims of the unsecured creditors (the "*Evans General Unsecured Creditors*").[12] The general unsecured debt totals $21,036.29.[13]

The Debtors and Trustee stipulate that (i) the Debtors' student loan obligations are nondischargeable under 11 U.S.C. § 523(a)(8),[14] (ii) the student loans are currently in deferment,[15] and (iii) the last scheduled payments due under the terms of the student loan agreements are after the Commitment Period in the Amended Plans.[16]

## II.　　ANALYSIS

**A.　The Amended Plans May Separately Classify the Student Loan Creditors so long as the Amended Plans do not Discriminate Unfairly**

Chapter 13 debtors may designate classes of unsecured claims in formulating a plan "as provided in § 1122" but the classifications "may not discriminate *unfairly* against any class so designated."[17]

### 1.　*The Separate Classification of the Student Loan Creditors is Justified*

Under the Amended Plans, the Debtors separately classified the Student Loan Creditors[18] from the General Unsecured Creditors[19] for three independent reasons: (i) the separate classification of the Student Loan Creditors from the General Unsecured Creditors is authorized by § 1122, (ii) the Student Loan Creditors' claims are nondischargeable debts under § 523(a)(8),

---

[12] Case No. 22-40625 [ECF No. 29 at Section I(J)]. The scheduled amount of Ms. Evans non-student loan general unsecured claims is $32,475.00. *Id.* at p. 6. The unsecured proofs of claim filed in Ms. Evans case, however, total $21,036.29. *See* Case No. 22-40625 [ECF No. 38 at p. 1]; *see also* Claims Register.
[13] Case No. 22-40625 [ECF No. 38 at p. 1]; *see also* [ECF No. 41 at p.1].
[14] Case No. 22-40089 [ECF No. 35 at p. 1]; Case No. 22-40625 [ECF No. 41 at p. 1].
[15] Case No. 22-40089 [ECF No. 35 at p. 1] and [ECF No. 34 at p. 1]; Case No. 22-40625 [ECF No. 41 at p. 1] and [ECF No. 38 at p. 1].
[16] Case No. 22-40089 [ECF No. 35 at p. 1]; Case No. 22-40625 [ECF No. 41 at p. 1].
[17] 11 U.S.C. § 1322(b)(1) (emphasis added); *In re Simmons*, 288 B.R. 737, 743 (Bankr. N.D. Tex. 2003) (holding modified by *In re King*, 460 B.R. 708, 710-11 (Bankr. N.D. Tex. 2011)).
[18] The Durand-Day Student Loan Creditor and the Evans Student Loan Creditor (together, the "**Student Loan Creditors**").
[19] The Durand-Day General Unsecured Creditors and the Evans General Unsecured Creditors (together, the "**General Unsecured Creditors**").

3

and (iii) § 1322(b)(5) permits the Debtors to cure and maintain their long-term student loan debt even though their student loan debt will not be paid in full during the Commitment Period in the Amended Plans.[20]

Courts routinely recognize that due to the unique nature of student loan debt, there is justification to separately classify student loan debt from other general unsecured claims.[21] Additionally, while the Student Loan Creditors' claims are arguably "substantially similar" to the General Unsecured Creditors' claims, § 1122 "does not prohibit the placement of substantially similar claims in different classes."[22] Thus, the separate classification of the student loan debt from the other general unsecured debt is justified.

    2. ***The Separate Classification of the Student Loan Debt does not Discriminate Unfairly***

"[B]y allowing for separate classes of unsecured claims, Congress anticipated some discrimination, otherwise separate classes would have no significance. It is only unfair discrimination that is prohibited."[23] The Trustee contends that the separate classification of the Student Loan Creditors discriminates *unfairly* against the Student Loan Creditors because—unlike the General Unsecured Creditors—the Student Loan Creditors are not being paid their claims in full during the Commitment Period in the Amended Plans.

Section 1322(b)(5) specifically authorizes the Debtors to "provide for the curing of any default . . . and maintenance of payments while the case is pending on any unsecured claim . . . on

---

[20] 11 U.S.C. §§ 1122, 523(a)(8), 1322(b)(5); Case No. 22-40625 [ECF No. 41 at p. 1-2]; Case No. 22-40089 [ECF No. 35 at p. 1-2].
[21] *See, e.g., In re King*, 460 B.R. at 714; *In re Kindle*, 580 B.R. 443 (Bankr. D.S.C. 2017) (debtors may separately classify and maintain payments on student loans based on totality of circumstances); *In re Potgieter*, 436 B.R. 739, 743-44 (Bankr. M.D. Fla. 2010); *In re Boscaccy*, 2010 Bankr. LEXIS 3702 (Bankr. N.D. Miss. Oct. 18, 2010) (debtor may cure and maintain student loan debts under most circumstances); *see also In re Webb*, 370 B.R. 418, 426 (Bankr. N.D. Ga. 2007).
[22] *In re Potgieter*, 436 B.R. at 743.
[23] *In re Potgieter*, 436 B.R. at 743; *In re Leser*, 939 F.2d 669, 671-72 (8th Cir. 1991).

which the last payment is due after the date on which the final payment under the plan is due."[24] Therefore, by separately classifying and providing the Student Loan Creditors with the very treatment specifically authorized in § 1322(b)(5), the Amended Plans' treatment of the Student Loan Creditors constitutes fair discrimination.[25]

Further, even though the Debtors have additional monthly disposable income available to make larger monthly payments to their Student Loan Creditors during the Commitment Period in the Amended Plans, the Trustee cannot demand that the Debtors devote all of their projected disposable income each month to pay off claims in full more quickly.[26] Thus, while the Trustee has correctly demonstrated that the Student Loan Creditors will receive a lower payout during the Amended Plans' Commitment Period, § 1322(b)(5) allows the Debtors to maintain their contractual payment obligations directly to the Student Loan Creditors during the Commitment Period *and* for the periods that extend beyond the Commitment Period in the Amended Plans.[27]

Based on this Court's review of the Amended Plans and considering the facts and circumstances in these cases, the Court concludes that the Amended Plans do not discriminate unfairly against the Student Loan Creditors. Therefore, the Trustee's Objections that the Amended Plans discriminate unfairly against the Student Loan Creditors are overruled.

B.    **The Amended Plans Satisfy the 100% Test under § 1325(b)(1)(A)**

Section 1325(b)(1) addresses the debtor's ability to pay holders of allowed unsecured claims. An objection to the ability-to-pay test may be raised only by the chapter 13 trustee or by

---

[24] 11 U.S.C. § 1322(b)(5).
[25] *In re Potgieter*, 436 B.R. at 743.
[26] *In re Eubanks*, 581 B.R. 583, 587 (Bankr. S.D. Ill. 2018) ("while the debtors could pay unsecured creditors in a shorter period of time if they contributed all of their monthly disposable income, they are not required to do so under the plain language of § 1325(b)(1)"); *see also In re Richall*, 470 B.R. 245, 249 (Bankr. D. N.H. 2012); Additionally, the Trustee did not contest that the Debtors proposed their Amended Plans in good faith pursuant to § 1325(a)(3).
[27] *In re Potgieter*, 436 B.R. at 743-44.

5

the holder of an allowed unsecured claim. If the chapter 13 trustee objects to confirmation of a plan under § 1325(b)(1):

> the court may not approve the plan unless . . . (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; *or* (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.[28]

The Fifth Circuit has held that § 1325(b)(1) is unambiguous textually because the word "or" creates two alternatives by which a debtor's plan may satisfy § 1325(b)(1)—either part "(A)" (the "***100% Test***") or part "(B)" (the "***Disposable Income Test***").[29]

There is no dispute that the Amended Plans provide for payment of the General Unsecured Creditors in full during the Commitment Period, thereby satisfying the 100% Test for such creditors. The Trustee contends, however, that the Amended Plans fail to satisfy the 100% Test for the Student Loan Creditors because they will not be paid, in full, during the Commitment Period in the Amended Plans.[30]

Section 1325(b)(1)(A) specifically requires that "the value of the property to be distributed *under the plan* on account of such claim is not less than the amount of such claim."[31] But, § 1322(b)(5) permits the Debtors to treat the Student Loan Creditors—"*under the plan*"—by curing and maintaining their student loan payments with the Student Loan Creditors during the Commitment Period *and* for the period that extends beyond the Commitment Period in the Amended Plans.[32] Therefore, the issue before the Court is whether "the property to be distributed

---

[28] 11 U.S.C. § 1325(b)(1) (emphasis added).
[29] *Brown v. Viegelahn (Matter of Brown)*, 960 F.3d 711, 719 (5th Cir. 2020); *see also Hamilton v. Lanning*, 560 U.S. 505, 508 (2010).
[30] Case No. 22-40625 [ECF No. 38 at p. 2]; Case No. 22-40089 [ECF No. 34 at p. 2].
[31] 11 U.S.C. § 1325(b)(1)(A) (emphasis added).
[32] *See* 11 U.S.C. § 1322(b)(5).

*under the plan*" includes the payments due to the Student Loan Creditors that become due "after the date on which the final payment under the plan is due."[33]

Payments made directly to a creditor under § 1322(b)(5) constitute payments made "*under the plan*."[34] Additionally, § 1322(b)(5) neither limits nor specifically requires that all payments "under the plan" be made during the "applicable commitment period" of the plan.[35] Therefore, although the Trustee has correctly demonstrated that the Student Loan Creditors' claims will not receive 100% of their claims during the Commitment Period in the Amended Plans, the 100% Test is satisfied because the Amended Plans provide for the 100% payment of the Student Loan Creditors' claims according to their contractual terms as permitted under § 1322(b)(5).[36]

The Court finds and concludes that "the value of the property to be distributed *under the plan* on account of the [Student Loan Creditors'] claim[s] [are] not less than the amount of such claim[s]."[37] Consequently, the Amended Plans satisfy the 100% Test. Therefore, the Trustee's Objections that the Amended Plans fail to satisfy § 1325(b)(1)(A) are overruled.

Because the Court finds and concludes that the Amended Plans satisfy the 100% Test for both the General Unsecured Creditors and the Student Loan Creditors, the Trustee's Objections regarding the Disposable Income Test under § 1325(b)(1)(B) are moot.

---

[33] 11 U.S.C. §§ 1325(b)(1)(A) (emphasis added), 1322(b)(5).
[34] *In Matter of Kessler*, 655 F. App'x 242, 244 (5th Cir. 2016).
[35] *In re Potgieter*, 436 B.R. at 741 (no requirement that student loan debt be paid in full during a plan); *see also* 11 U.S.C. §§ 1322(b)(5), 1325(b)(4).
[36] Although the Debtors' student loan obligations are currently in deferment, the Student Loan Creditors have not raised an objection concerning the Debtors' ability to satisfy their student loan obligations according to their contractual terms. And there is no credible evidence in the record to suggest that either Debtor will not be able to satisfy her student loan obligation pursuant to its contractual terms.
[37] 11 U.S.C. § 1325(b)(1)(A) (emphasis added).

### III. CONCLUSION

Accordingly, for the reasons detailed herein, it is hereby

**ORDERED** that the Trustee's Objections are ***OVERRULED***; and it is further

**ORDERED** that the Debtors' Amended Plans are ***CONFIRMED***; and it is further

**ORDERED** that the Trustee shall upload orders confirming each of the Amended Plans.

**# # # END OF ORDER # # #**